UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUANITA T.,

    Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:23-cv-5970-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of the Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

  Plaintiff filed an application for SSI benefits on February 18, 2020. AR 92, 105. The date of alleged onset is February 18, 2020. AR 59-60. The plaintiff's application was denied initially, and she sought review by an ALJ; ALJ Allen Erickson held a hearing on January 26, 2023. AR 53-91. On April 20, 2023, the ALJ issued a decision finding plaintiff was not disabled. AR 14-35. The Appeals Council denied review. AR 1-6.

1

DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

A. <u>Medical evidence</u>

Plaintiff challenges the ALJ's assessment of the medical opinions of Dr. Queen Wahiwe, MD; Dr. Daniel Pratt, PsyD; Physical Therapist (PT) Ross Anderson; and several non-examining consultants. *See* Dkt. 11 at 3–13.

Under the 2017 regulations, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must "provid[e] an explanation supported by substantial evidence" when rejecting an examining or treating physician's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). The ALJ is required to evaluate each opinion's persuasiveness, consider each

opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, at 791; 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *Woods,* at 791; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

1. PT Anderson

PT Anderson completed an opinion in November 2022. AR 1333–36. He opined plaintiff could not stand or walk more than five minutes at a time, could not sit more than two hours at once, and could stand and walk for a total of less than one hour in an eight-hour workday. AR 1334–35. He also stated that Plaintiff had additional limitations in her ability to lift and opined that physical pain would frequently interfere with her attention and concentration. AR 1333, 1335.

The ALJ found the physical therapist's opinion not persuasive. AR 27. The ALJ found "the objective evidence does not support the opinion as treatment records demonstrate normal gait, normal muscle strength, normal reflexes, normal motor function[,] and no sensory deficit." AR 27. "A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a . . . treating provider." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citations omitted). However, the ALJ did not explain, nor can the Court discern, why such evidence is inconsistent with the limitations opined by PT Anderson. Displaying normal gait in the context of a brief examination does not mean plaintiff would be able to stand or walk for more than five minutes, as PT Anderson opined she would be unable

3

to do. It is unclear how physical examination results related to plaintiff's reflexes, motor function, and senses are inconsistent with any of PT Anderson's opinion.

The ALJ also discounted the opinion because it was "inconsistent with the claimant's hearing testimony where she stated she has less hip pain after physical therapy." AR 27. Plaintiff testified physical therapy was "starting to help a little bit." AR 69. Plaintiff did not state that due to physical therapy she was no longer limited or was free from pain. *See id.* "Some improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). The ALJ erred in evaluating PT Anderson's opinion, because the reason was not supported by substantial evidence.

2.  Dr. Pratt

State psychological examiner Dr. Pratt, in an opinion dated December 2019 (AR 445–50), diagnosed plaintiff with "major depressive disorder, recurrent, severe (R/O with psychotic features) R/O Post-traumatic stress disorder, chronic. AR 447. Dr. Pratt opined the symptoms she experienced resulted in marked limitations in the following areas: understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; perform routine tasks without special supervision; adapt to changes in a routine work setting; make simple work-related decisions; be aware of normal hazards and take appropriate precautions; ask simple questions or request assistance; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; complete a normal workday and

workweek without interruptions from psychologically based symptoms; set realistic goals and plan independently. AR 448.

The ALJ found the opinion unpersuasive for several reasons. AR 27. First, the ALJ found that Dr. Pratt's opinion was "not supported by the mental status examination findings, which were generally within normal limits except for depressed mood, anxious mood, agitation, and flat affect." *Id.* (citing AR 445–59). Yet, Dr. Pratt's opinion indicated it was based on the mental status examination and his own observations during the clinical interview and indicated Dr. Pratt observed behavior consistent with plaintiff's depression, dysphoria, anxiety, and distress. *See* AR 447 (plaintiff's symptoms were observed by Dr. Pratt, including her "constricted affect," "chronic recurrent mood and dysphoria with that were reported to cause severe distress and impairment off and on," "observed significant difficulties" with indecision, low self-esteem causing "severe distress and impairment off and on," "described circular thinking, regret, and excessive guilt that were reported to cause marked to severe distress and impairment off and on"); 448–49 ("[I]t appears claimant experiences severe and recurrent major depressive episodes with anxious distress that would interfere with returning to competitive employment.").

An examination revealing abnormalities only in plaintiff's mood and agitation is therefore not inconsistent with Dr. Pratt's opinion. Moreover, Dr. Pratt considered and supported his opinion with behavioral observations of plaintiff, available medical records, and other psychiatric tests indicating abnormal levels of depression and anxiety. *See* AR 446, 448–49.

The ALJ also found Dr. Pratt's opinion was "not consistent with the course of [plaintiff's] treatment, which includes medication and counseling but no inpatient, emergency, or partially hospitalized care and no suicidal ideation, homicidal ideation, or psychosis." AR 27. "[A]ny evaluation of the aggressiveness of a treatment regimen must take into account the condition being treated." *Revels v. Berryhill,* 874 F.3d 648, 667 (9th Cir. 2017). The record does not indicate any reason why it would be inconsistent for plaintiff to experience debilitating psychiatric symptoms connected with her depression, anxiety, and distress, as Dr. Pratt opined plaintiff did, even though plaintiff did not exhibit behavior of psychosis, or dangerous ideation, or require inpatient or emergency medical intervention (that the ALJ stated lack thereof was an inconsistency).

The ALJ found the opinion inconsistent "with later mental status examination[s] that were unremarkable." AR 27. Yet, during this period, multiple examinations found plaintiff had an abnormal mood. *See* AR 1034–36, 1073, 1076, 1079–80, 1083, 1116. The ALJ therefore erred by "improperly cherry-pick[ing]" favorable medical evidence, *Ghanim*, 763 F.3d at 1164, without explaining how he considered contrary medical evidence. *Garrison*, 759 at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.") (citation omitted). Additionally, Dr. Pratt noted plaintiff had a limitation in her ability to make simple work-related decisions (AR 448) and elsewhere noted he observed "significant difficulties" with her decision-making skills (AR 447) but these notes are consistent with mental status

examinations that are unremarkable – the mental status examination did not measure decision-making ability. AR 455-456.

The ALJ also found the opinion inconsistent with "treatment records in December 2022 noting an improvement in [plaintiff's] depression with medications." AR 27. The record shows one notation (AR 1557) indicating plaintiff "improved on Wellbutrin," but this one remark is insufficient to show she no longer experienced limitations, or that the limitations were improved and sustained improvement occurred, after being treated with that medication. *See Holohan*, 246 F.3d at 1205 (ALJ erred by exaggerating implications of doctor's notes about improvement). The ALJ therefore failed to give legally adequate reasons and the reasons given were not supported by substantial evidence, for discounting Dr. Pratt's opinion.

3. Dr. Wahiwe

Treating provider Dr. Wahiwe completed an opinion dated January 17, 2023. AR 1565–68. Her opinion was based on plaintiff's major depressive disorder, PTSD, chronic low back pain, chronic left hip pain, and impaired mobility. AR 1565. She opined plaintiff's "physical impairments make it difficult to walk, stand for prolonged periods," and that plaintiff would have pain with prolonged standing. AR 1565. She opined plaintiff was unable to lift at least two pounds or unable to stand or walk. AR 1566. She also opined plaintiff has "difficulty focusing, concentrating, sleeping, effectively communicating." AR 1565. Dr. Wahiwe opined that plaintiff's condition would limit her ability to work, look for work, or train for work, for 24 months. AR 1566.

The ALJ found the opinion not persuasive and cited several reasons. AR 27. The ALJ's opinion states, "Dr. Wahiwe's objective exam does not support the severe

limitations as her examination showed a BMI of 81.94; however, the claimant's cardiovascular, pulmonary, neurological, and psychiatric examinations were normal." *Id.* (citing AR 1500). But the record shows the results of such examinations were not inconsistent with Dr. Wahiwe's opinion. Dr. Wahiwe's opinion about plaintiff's physical health was based on plaintiff's mobility issues and back and hip pain (*see* AR 1565); nothing in the opinion suggests the limitations were related to plaintiff's heart, lungs, or neurologic impairments. Dr. Wahiwe's opinion concerning mental health discussed mental limitations and she based her opinion in part on plaintiff's depressive disorder and PTSD. AR 1565-1566. One of Dr. Wahiwe's examination notes indicated plaintiff had a normal mood (AR 1500), yet Dr. Wahiwe also administered several PHQ tests to plaintiff (*see* AR 1500, 1519, 1558), finding she had severe levels of depression (*see* AR 1519). The ALJ erred by failing to consider the abnormal psychiatric results from Dr. Wahiwe's testing.

      The ALJ discounted the opinion because it was "inconsistent with hearing testimony concerning the claimant's level of functioning." AR 27. The ALJ's opinion is not supported by substantial evidence; plaintiff's testimony was consistent with Dr. Wahiwe's opinion. In her testimony, plaintiff described limitations in the same areas Dr. Wahiwe opined. *See* AR 68 (plaintiff testifying "walking is very difficult," "standing is kind of" difficult, she has "to lean really, really hard" when washing her hands, and she "will be screaming in pain when [she tries] to do things" while completing activities of daily living).

      The ALJ also discounted the opinion because it was inconsistent with "evidence that notes normal gait, normal strength, and a normal neurological exam." AR 27. The

Court cannot discern how such evidence is inconsistent with the opinion. Evidence of normal gait on examination would not negate an assessment that an individual unable to stand or walk for prolonged periods, as Dr. Wahiwe opined plaintiff was unable to do.[1] If the ALJ was comparing Dr. Wahiwe's 2023 opinion with Dr. Stuart's or Dr. Alto's 2020 opinion, then the ALJ was required to explicitly do so, because the Court is not in a position to re-construct the ALJ's reasoning when reasoning is unexplained. *Brown-Hunter v. Colvin*, 804 F.3d 487, 492 (9th Cir. 2015).

The ALJ therefore failed to give adequate reasons for discounting Dr. Wahiwe's opinion.

### 4. Non-Examining Sources

Plaintiff challenges the ALJ's assessment of the medical opinions of non-examining sources Dr. Merry Alto, MD (opinion dated 9-19-2020, AR 99-101, 103-104); Dr. Robert Stuart, MD (opinion dated 10-30-2020, AR 118-121, 124-126); Dr. Jan Lewis, Ph.D. (opinion dated 5-5-2020, AR 97-98, 101-102);[2] and Dr. Renee Eisenhauer, Ph.D. (opinion dated 11-6-2020, AR 107-116, 121-124). Dkt. 11 at 11–12.

Plaintiff challenges the ALJ's assessment of Dr. Alto's opinion that plaintiff was unable to stand or walk for more than two hours in an eight-hour workday. *See* Dkt. 11 at 11. The ALJ rejected this limitation because it was "not consistent with subsequent treatment records that state the claimant had normal gait, normal reflexes, normal motor function and no sensory deficit." AR 26 (citing AR 1058). As discussed, the ALJ simply states a conclusion and not any reasoning based on facts; there is no explanation

---

[1] The ALJ also said "the record does not evidence treatment from Dr. [Wahiwe]" (AR 27) but Commissioner concedes this was inaccurate (*see* Dkt. 16 at 3–4).

[2] The ALJ referred to a "Dr. Pratty." This appears to be a scrivener's error, *See* AR 26.

regarding how evidence of gait, reflexes, motor function, or sensory capacity would be inconsistent with an opined limitation related to the *duration* of walking and standing.

Plaintiff challenges the ALJ's assessment of Dr. Stuart's opinion that plaintiff was capable of medium work. Dkt. 11 at 11. The ALJ found this opined limitation "generally consistent with more recent evidence," but failed to identify what recent evidence the opinion was consistent with, and did not explain how the comparison between Dr. Stuart's opinion and the unidentified recent evidence was relevant to plaintiff's ability to perform work. AR 26. The ALJ thus failed to "set forth the reasoning behind [his] decision[] in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 804 F.3d at 492. The ALJ therefore failed to properly assess the opinions of Drs. Alto and Stuart.

Plaintiff challenges the ALJ's assessments of the opinions of Drs. Lewis and Eisenhauer regarding plaintiff's mental health. Dkt. 11 at 12–13. Both sources opined plaintiff had, for the most part, only moderate or non-severe mental health limitations. The ALJ found both opinions "mostly persuasive," finding that some additional social limitations were warranted. *See* AR 26.

The ALJ found the opinions were supported by "good explanations of the claimant's treatment evidence and objective findings." AR 26. This finding was supported by substantial evidence, as both sources described some of the objective medical evidence concerning plaintiff's mental impairments. *See* AR 97, 115.

The ALJ found both opinions "consistent with the claimant's overall course of behavioral therapy and some psychotropic intervention." AR 26. Plaintiff asserts this was erroneous because "the ALJ is not qualified to" make such a determination (Dkt. 11 at 12), but there is "a presumption that ALJs are, at some level, capable of

10

independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Plaintiff has not otherwise shown the ALJ's finding that her course of treatment was consistent with Drs. Lewis and Eisenhauer's opinions was erroneous. Thus, the ALJ did not err in assessing those opinions.

     5.  Harmless Error

The Court has found the ALJ failed to provide adequate reasons supported by substantial evidence for discounting the opinions of PT Anderson and Drs. Pratt, Wahiwe, and Alto. The Court has also found the ALJ failed to provide adequate reasons supported by substantial evidence for finding persuasive the opinion of Dr. Stuart and favoring that opinion over the other opinions regarding plaintiff's ability to perform tasks associated with full time work despite physical symptoms and limitations. An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id* at 1052, 1054; see also, *Carmickle v. Comm'r. Spc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

Here, the opinions of PT Anderson and Drs. Pratt, Wahiwe, and Alto, if properly reviewed by the ALJ, would potentially result in additional limitations being included in the hypothetical to the VE (see AR 84-89), and potentially a different RFC assessment.

The opinion of Dr. Stuart, if properly reviewed, would potentially not be included as part of plaintiff's RFC. Thus, these errors were not harmless and require reversal.

### B. Plaintiff's statements regarding subjective symptoms

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims. Dkt. 11 at 13–16. However, the Court already has concluded that the ALJ committed harmful error and the medical evidence should be reviewed anew. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

### C. Residual Functional Capacity Assessment

Plaintiff argues the ALJ's RFC assessment was deficient. Dkt. 11 at 16–18. Most of plaintiff's arguments rely on the ALJ's failure to include certain limitations included in the medical opinions which the Court has found were improperly discounted. *See id.*

Plaintiff also contends the ALJ erred by failing to include a limitation in the RFC that encompassed plaintiff's need for a bariatric chair. *Id.* at 17. Plaintiff relies on "basic arithmetic and common-sense" for her contention that she would not be able to use a standard office chair. Dkt. 17 at 9. On remand, the Commissioner is directed to allow plaintiff to present evidence that may support a requirement of such equipment. *See* 20 C.F.R. § 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity.").

### D. Whether the Court should reverse with a direction to award benefits.

12

Plaintiff contends this matter should be remanded with directions that commissioner award benefits. Dkt. 11 at 18–19. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682–83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

Plaintiff meets one of the elements, as the Court has found the ALJ erred in discounting medical evidence. Only if there are no outstanding issues can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. It is the responsibility of the ALJ to resolve conflicting evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The court is prohibited from accepting as true improperly rejected evidence and skipping to the consideration of whether there are outstanding issues that remain. *Leon v. Berryhill,* at 1046; *Dominguez v. Colvin,* 808 F.3d 403, 409 (9th Cir. 2015). As to the third step, "the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true." *Dominguez v. Colvin,* at 407.

The Court concludes that the record is not free from important and relevant conflicts. In particular, there are conflicting medical opinions. *See* 20 C.F.R. § 416.920c(a) (new regulations do not require ALJ to defer or give weight to treating or examining physicians); *Woods*, 32 F.4th at 791 (recognizing that the revised regulations stemmed, in part, from disagreement with Ninth Circuit practice of crediting-as-true treating and examining physicians' opinions and consequently awarding benefits based on the presumptive weight given to those opinions). Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See Trevizo*, 871 F.3d at 682–83.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including a *de novo* hearing.

Dated this 17th day of September, 2024.

Theresa L. Fricke
United States Magistrate Judge